**SIGNED this 02 day of May, 2006.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____


**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE ) | |
| ) | No. 05-11629 |
| **SUNSHINE TRANSPORT, L.L.C.,** ) | |
| ) | Chapter 7 |
| Debtor. ) | |


**M E M O R A N D U M**


This matter is before the court on the trustee's objection to the allowance of claim no. 10 asserted by Kenny Holden ("Holden"). Having considered the objection and taken judicial notice of the debtor's schedules and the creditor's proof of claim, the objection will be overruled.

On March 11, 2005, the debtor filed the voluntary petition commencing this case. The schedule of unsecured debts discloses that Holden has an unsecured debt for an unknown amount. The schedule does not list the debt as disputed, contingent, or

1

unliquidated, nor are any details provided concerning the nature of the indebtedness. On September 26, 2005, Holden filed a proof of claim asserting a claim in the amount of $8,000.00.[1] No documentary evidence in support of the claim is attached to the proof of claim. The trustee objected to the claim on March 16, 2006, affording 30 days within which the creditor may respond to the objection in accordance with Rule 9013-1(h)(2) and (3)(ii) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Tennessee. No response was filed. Pursuant to Local Rule 9013-1(h)(5), the court may consider the matter in chambers without further notice or hearing if no party in interest responds within the time permitted by the rule. The court is required to make an independent determination that the objection has merit. *Cf. Miller v. Shore Financial Services, Inc.*, No. 04-1789, 2005 WL 1579515, at *1 (6th Cir. July 5, 2005)(court abuses its discretion when it grants summary judgment solely because non-moving party fails to respond within the applicable time limit).

Section 501 of the Bankruptcy Code provides for the filing of proofs of claim, and § 502(a) provides that, when a proof of claim is filed under § 501, the claim asserted thereby is deemed allowed unless a party in interest objects. Rule 3001 of the Federal Rules of Bankruptcy Procedure specifies the form, content, and evidentiary effect of proofs of claim. Rule 3001(a) requires substantial conformity with the official form, which requires the attachment of "copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments,

---

[1] The preparer of Mr. Holden's claim form checked the "unsecured priority claim" box to describe the claim, as well as "collateral - other" in the secured claim box.

mortgages, security agreements, and evidence of perfection of lien. . . . If the documents are not available, explain. If the documents are voluminous, attach a summary." Rule 3001(c) specifically mandates that, "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Rule 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

The creditor in the matter before the court failed to file supporting documentation with his claim. Accordingly, assuming the claim is based on a writing, the proof of claim was not executed and filed in accordance with the Bankruptcy Rules, and so it does not constitute *prima facie* evidence of the validity and amount of the claim. *E.g.*, *In re Shank*, 315 B.R. 799, 808-12 (Bankr. N.D. Ga. 2004); *In re Kemmer*, 315 B.R. 706, 713, 716 (Bankr. E.D. Tenn. 2004); *In re Jorczak*, 314 B.R. 474, 481 (Bankr. D. Conn. 2004); *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004). However, the court may not disallow the claim solely on that basis. *E.g.*, *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993); *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004); *In re Burkett*, 329 B.R. 820, 828-29 (Bankr. S.D. Ohio 2005); *In re Guidry*, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005); *In re Mazzoni*, 318 B.R. 576, 578 (Bankr. D. Kan. 2004); *Shank*, 315 B.R. at 811-12; *Kemmer*, 315 B.R. at 713, 716; *Jorczak*, 314 B.R. at 481. Rather, the trustee must allege a "good faith theory that might require disallowance or reduction." *E.g.*, *Burkett*, 329 B.R. at 829; *Shank*, 315 B.R. at 811; *In re Cluff*, 313 B.R. 323, 331-32 (Bankr. D. Utah 2004); *see Dove-Nation*, 318 B.R. at 152; *Kemmer*, 315 B.R.

at 716; *Hughes*, 313 B.R. at 208.  Section 502(b) of the Bankruptcy Code lists the grounds for disallowance, and the failure to attach supporting documentation to the proof of claim is not among them. *E.g.*, *In re Heath*, No. CC-04-1324-MOBMA, ND 03-10028-RR, 2005 WL 2508142, at *8 (B.A.P. 9th Cir. Sept. 29, 2005); *In re Shaffner*, 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005); *Shank*, 315 B.R. at 812; *Cluff*, 313 B.R. at 331-32; *see Dove-Nation*, 318 B.R. at 152.[2]

One bankruptcy court has explained that whether a proof of claim has the effect of *prima facie* proof is significant only in the context of an evidentiary hearing:

> The debtors' claim objections raised no factual dispute requiring a hearing. If eCAST's proofs of claim are analogized to complaints – as is commonly done – then the debtors' objections are like motions to dismiss for failure to state a claim on which relief can be granted. The debtors do not deny any of the factual allegations of the proofs of claim; rather, their objections assert that an evidentiary hearing is unnecessary because of eCAST's noncompliance with Rule 3001(c). Thus, the question is not the evidentiary impact of noncompliance with the rule, but whether noncompliance itself renders a claim subject to disallowance. As already noted, it does not.
>
> Of course, if the debtors had raised a valid ground for disallowance in their claim objections – such as a denial that they actually owed the debts asserted – an evidentiary hearing would have been required. In that situation, eCAST's noncompliance with Rule 3001(c) would have resulted in eCAST having the burden of going forward with evidence at the trial; it could not have relied on its proofs of claim as prima facie evidence that the debtors were liable for the claims asserted. Indeed, if there were facts in dispute as to which the writings required by Rule 3001(c) would have been relevant, the debtors might properly have enforced the Rule's requirement through

---

[2] The court specifically rejects any argument that the lack of supporting documentation renders the proof of claim a nullity, such that no proof of claim has been "filed under section 501 of this title" as a matter of law. *See Barlow v. M.J. Waterman & Assocs. (In re M.J. Waterman & Assocs.)*, 227 F.3d 604, 608-09 (6th Cir. 2000) (proof of claim need only be in writing, contain a demand by creditor, express intent to hold debtor liable, and be filed with bankruptcy court).

4

discovery. All of this, however, is merely speculative here, since the debtor's claim objections set forth no basis for disallowance of the claims that required any evidentiary hearing.

*Guidry*, 321 B.R. at 715 (citations omitted); *accord*, *Heath*, 2005 WL 2508142, at *9. Likewise, in this case, the trustee's objection does not include an allegation that the debtor does not owe the debt to this creditor, that the amount of the proof of claim is overstated, that the statute of frauds bars enforcement of the debt, or any other allegation giving rise to an issue of fact regarding any of the grounds for disallowance set forth in 11 U.S.C. § 502(b). Indeed, the debtor's schedules acknowledge that it owes this creditor, albeit for an uncertain amount. Accordingly, although Holden could not rely on his proof of claim at an evidentiary hearing, no such hearing is required because the trustee has not asserted a valid ground for disallowance.

The court is not suggesting that an evidentiary hearing is always required. If a trustee or a debtor alleges that the debtor does not owe the debt or that the debtor does not owe the amount stated in the proof of claim and Rule 3001(f) is inapplicable (such as if supporting documentation is not attached) so that the proof of claim does not constitute *prima facie* evidence of the validity and amount of the claim, it may be appropriate to sustain the objection without a hearing in the absence of a timely response – particularly if the objection is verified or supported by the debtor's affidavit. In this case, however, neither the debtor nor the trustee have denied the validity or amount of the debt, so the creditor was not required to respond. *Heath*, 2005 WL 2508142, at *11.

Here, as in the *Kemmer* case, the only argument in support of the trustee's objection to the claim is ". . . [t]hat the Creditors' failure to attach documentation to the otherwise valid

5

claims should result in the disallowance of these claims in their entirety." *Kemmer*, 315 B.R. at 717.   If the court accepts the trustee's argument, a fundamental policy of 11 U.S.C. § 726(b) will be thwarted in that equality of distribution to like-situated creditors will not result. *See, Kessler v. United States Trustee (In re: Kessler)*, 142 B.R. 796, 800  (W.D. Mich. 1992).  Furthermore, the court will be required to find a non-statutory ground interposed by Rule 3001(c) by which to disallow claims. Since the trustee has not met his burden of proof by challenging the actual validity and legal sufficiency of the debt, his objection is overruled.

# # #